1. LIFE TENANT—SECURITY TO REMAINDERMAN.
　　Where a husband is made executor of his wife's estate, and a life tenant under her will, and he was indebted to her at her death, he may be compelled by the remaindermen to give mortgage security for the debt, or pay it into court.

In the matter of the estate of Mary E. Hunt, deceased. Petition to compel administrator to secure debt due the estate. Granted.

Hammond & Hammond, for petitioner.
Charles F. Tabor, for life tenant.

MARCUS, S. The will of deceased, which has been duly admitted to probate, gives to her husband the use of all the estate during the term of his natural life, and appoints him one of the executors thereof. The will further contains a provision, among other things, that after the death of her said husband, one Elizabeth Francis shall receive the use of $1,000 during the term of her natural life, and after her death the residue and remainder of the entire estate is given absolutely to two nephews. Among the assets of the deceased is a debt owing by her husband, one of the executors, in the sum of $1,310.15, for which the remaindermen ask that security be given. The inventory shows that such sum is owing the deceased by her husband, and is practically all the personal estate. It has been urged that no security should be exacted from the life tenant and executor in behalf of the remaindermen, since the use given by the deceased to her husband in this amount of money is such a forbearance as would not make the debt due and payable until his death, and that the case does not present such a state of facts as warrants the surrogate in exacting security from the life tenant. This amount of money is among the credits of the deceased in the inventory, and of course the executor is liable for the same as for so much money in his hands at the time the debt and demand became due, and the same must be applied and distributed to the payment of debts, legacies, and among the

¶ 1. See Life Estates, vol. 33, Cent. Dig. § 18.

next of kin, as a part of the personal property. The debt of this executor is prima facie assets, and is to be accounted for as other debts or assets, and the executor is liable for the amount of this debt as for so much cash in hand. It is the primary duty of an executor or administrator to collect and take into possession all the goods and chattels that belong to, or were in the possession of, the testator or intestate at the time of his death, so far as they may have knowledge of the same, or which they may recover by the exercise of reasonable diligence or prudence; and for any neglect or omission to protect and preserve such property until it is delivered to those to whom it may belong by the terms of the will or the statute of distribution they are liable.

If a person other than the life tenant were the executor in this case, it would immediately become his duty to collect this debt, in which event the life tenant would receive the income of such fund, and no question, to my mind, would be raised on the matter of security. The fact that the life tenant is also one of the executors does not in any way affect the rule that should be applied. It does not seem to me that a bond in this case would be practicable. Questions of insolvency might arise to complicate or make ineffectual the purpose of security in the form of a bond. The fact that the money never existed in the hands of the executor life tenant might be shown, or, perhaps, that the debt was a worthless demand.

I shall therefore direct that the executor pay into court the amount in question for proper investment, so that he may receive the income of same for life, and at the same time afford such protection to the remaindermen as they seem entitled.

Since the petitioners have offered to accept a mortgage upon a farm now owned by Albert S. Hunt, the life tenant, this decree will be satisfied by such a course, if the life tenant so prefers, in place of a payment of the money in court.

Decreed accordingly.

---

(38 Misc. Rep. 717.)

## In re KNAB.

### (Surrogate's Court, Erie County. October, 1902.)

1. ADMINISTRATOR—ALLOWANCE OF CLAIM.
   One who on a judicial settlement of an account of an administrator objects to a claim which has been allowed, but not paid, has the burden of showing that the claim is invalid.

2. RIGHT OF ACTION.
   An action will not lie on a promise to pay a claim when able, without proof of ability to pay the debt.